By the Court—Bosworth, Ch. J.
This appeal should not be determined on the assumption that John L. Colby is not only not a necessary party, but that, the rights of the parties may be regarded as if he was not in fact a party.
Whether a necessary party or not, it is not denied that he is a proper party. Mor can it be denied that he may be charged with the costs of the action, (if the plaintiff succeeds,) as a party to the fraud charged in the complaint.
There is, then, a suit, in which the plaintiff has issued a summons against the persons named in it as defendants. He has declared against all of them as defendants. That complaint was verified on the 2d of April, 1857, and the summons and a copy of that complaint were served on John L. Colby on the 4th of that month, and on Mary Ann Colby on the 6th of May, 1857.
If, on the facts stated in the complaint, no cause of action exists against either defendant, and if no relief can be granted against either of-them on those facts, then it is well settled that facts occurring after suit brought cannot, either by amendment or by supplemental complaint, be made a part of the plaintiff’s case, nor will they enable him to maintain the.present action.
It is conceded, that if the facts stated in the complaint do not constitute a cause of action, no cause of action existed in favor of the plaintiff against either defendant,- when the summons and complaint were served on John L. Colby. The further facts, which, with those stated in the complaint, are essential, in this view, to constitute a cause of action against either defendant, occurred on the 11th of April, 1857. These facts cannot be inserted in the complaint, by an amendment, so as to affect John L. Colby. Facts occurring after suit brought cannot, under any circumstances, be incorporated into a complaint by way of amendment, nor can they be brought before the Court by supplemental complaint, when the original complaint -states no cause of action. Mo- party can recover in an action which was commenced when the cause of action had not accrued.
It is contended, however, that the action was not commenced as against Mary Ann Colby until the 6th of May, 1857; that John L. Colby is not a necessary party; and that as to her, the present appeal should be decided, as if he was not ip. fact a party. To this view, it may be answered,
*606 1st. That John L. Colby is an actual party, and is a proper, if not a necessary party. The action had been at issue as to him nearly two years, when the order appealed from was made, and that order leaves him still an actual party to the action,
2d. Such a theory converts the action into as many several actions as there may be defendants who were served on different days; at all events, into two several actions, although commenced and still pending as a single action, and although brought to convict John L. and Mary Ann Colby of a joint fraud, and to obtain against each and both of them the relief, to which proof of that fact would entitle the plaintiff. A part of the relief that may be granted is a judgment against John L. Colby for the costs of the action. "
3d. When a complaint against several persons, as defendants, has been served on one of them, and especially when it has -been served on a defendant who is charged in it as being one of the principals in a fraudulent transaction, which it is the sole object of the action to avoid, that is the complaint of the plaintiff (until it is amended) against all the defendants. Pacts which occur after such a complaint has been so served, are facts “ occurring after the former complaint,” within the meaning of these words, as used in section 177 [152] of the Code. They cannot be set up by a supplemental complaint, if the former complaint would not, (assuming all the facts alleged in it to be true,) entitle the plaintiff to any relief against either defendant.
4th. Section 99 of the Code only declares when an action is commenced against each defendant, so as to preclude his setting up the statute of limitations as a defense. Within the meaning and object of this provision, the present action was not commenced against Mary Ann Colby until the 6th of May, 1857. The action then commenced against her was not one in which she was the sole defendant, but was one in which she and John L. Colby and others were defendants, and one in'which the plaintiff’s complaint existed as a pleading regularly made in it; and as a pleading which had been made as early as the 2d of April, 1857, and which, from that time until some time in. March, 1859, was the only complaint in the action, and the only pleading therein on his part.
*607 A complaint may be filed before the summons is served. In such a case, the summons must state where the complaint is filed. (Code, § 130.) Had it been actually filed, when the summons was served on John L. Colby, we think it must have been conceded, that from the time of such service, it was a pleading of the plaintiff in the action duly filed of record; and that facts occurring subsequently thereto could not be incorporated into the complaint by amendment, or be brought before the Court by supplemental complaint, when the complaint filed stated no cause of action; any more than after bill filed, and the service of a subpoena to appear and an answer, on one of several defendants, the bill could be amended or a supplemental bill could be filed, stating facts which occurred after the bill was filed, when upon the bill itself no relief could be granted.
So after complaint filed, in an action like the present, a notice of the object of the action may be filed, to affect subsequent purchasers of the property, who might purchase pendente lite. Such a notice, to be effective, must state the names of the parties to the action. (Code, § 132.) If one had been filed, stating Mary Ann Colby to be the only defendant, it probably would not be effective for any purpose.
We think it quite clear that the facts originally inserted in the complaint, by way of amendment, could not be made the subject of such an amendment. They did not exist when the summons and complaint were served on all of the defendants, except Mary Ann Colby. As to them, these facts cannot be said to be facts which existed when the former complaint was made, and of which the plaintiff was then ignorant. As against those defendants, they cannot be alleged by way of supplemental complaint, because the complaint itself does not state facts enough to entitle the plaintiff to any relief. And it is 'only when a complaint states facts entitling a plaintiff to some relief, that facts subsequently occurring and material to the case, (and material because they affect the nature or extent of the relief to which the plaintiff, but for them, would be entitled,) can be set up by a supplemental complaint.
The facts stated in the supplemental complaint occurred “ after the former complaint,” and therefore the plaintiff could not set them up in this action as against Mary Ann Colby. The com *608 plaint, from the time of its service on John L. Colby, was as absolutely a pleading in the action against her as against him.
For the purpose of determining whether a cause of action existed when the action was commenced, it must be deemed to have been commenced on the 4th of April, 1857. If, on the facts then existing, no relief can be had against Mary Ann Colby, then no relief can be had against her in this action by reason of any facts which have occurred subsequently.
These views make it necessary to reverse the order appealed from, and to vacate the order allowing the complaint to be amended.
In making this decision, we must not be understood as expressing the opinion that this action cannot be sustained on proof of the facts stated in the complaint.
If it can be, the matter of the supplemental complaint is wholly immaterial to the plaintiff’s case, and is wholly irrelevant to the case made, and cannot in any manner affect his right to the relief sought, or the extent of the relief which it would be the duty of the Court to grant, on proof of the facts stated in the complaint.
So much of the order appealed from as allows a supplemental complaint to be filed must be reversed, and so much of it as vacated the order allowing the complaint to be amended, is affirmed.
Ordered accordingly.
Hoffman, J., dissented.